# United States Court of Appeals
## For the First Circuit

No. 26-1234

UNITED STATES,

Appellee,

v.

WILLIAM RICK SINGER,

Defendant - Appellant.

Before

Gelpí, Aframe, and Dunlap,
Circuit Judges.

**JUDGMENT**

Entered: November 23, 2026

Defendant-appellant William Rick Singer has appealed from the district court's February 27, 2026 order of garnishment following the entry of amended judgment on January 19, 2023, which included, as part of Singer's sentence, its order that Singer pay restitution to the IRS in the amount of $10,668,841 for the loss flowing from Singer's conviction for conspiracy to defraud the United States, 18 U.S.C. § 371 ("the tax evasion conspiracy"). He specifically challenges the district court's order denying his motion for an offset of that restitution amount under 18 U.S.C. § 3664(j)(2). He now contends that, at the very least, the district court should have ordered the IRS to divulge whether it had recovered any funds lost as a result of the conspiracy.

The government has moved for summary disposition under First Circuit Rule 27(c). Singer opposes the motion. The matter has been fully briefed, and the government's motion for summary disposition refers to and relies upon its principal brief.

A primary, although relatively unbriefed, issue on appeal is whether Singer's argument -- that the $10,668,841 restitution amount is subject to an offset under § 3664(j)(2) -- constitutes a collateral attack upon the underlying restitution order. As Judge Casper determined in allowing garnishment, the original restitution amount was based on the taxes that the IRS determined that

Singer himself evaded as a result of the scheme. The record supports this conclusion, and Singer has provided no reason to conclude otherwise. See United States v. Abell, 985 F.3d 111, 113 n.4 (1st Cir. 2021) ("this court has not yet announced the standard of review for an appeal from a writ of garnishment, but other circuits review for abuse of discretion" (citing United States v. Smith, 768 F. App'x 926, 931 n.3 (11th Cir. 2019), and United States v. Clayton, 613 F.3d 592, 595 (5th Cir. 2010))).

Although Singer frames his position as simply seeking an offset of the restitution amount, which normally would not constitute an attack on an underlying restitution order, the core of his position is that the sentencing court was only legally permitted to order restitution based on the taxes Singer helped his co-conspirators evade. In other words, in arguing for an offset, Singer is ultimately seeking to attack the basis of the restitution order. See Collateral Attack, Black's Law Dictionary (12th ed. 2024) (a collateral attack is "[a]n attack on a judgment in a proceeding other than a direct appeal"); see also Republic Bldg. Co. v. Charter Twp. of Clinton, Mich., 81 F.4th 662, 666 (6th Cir. 2023) ("collateral attacks exist where the relief sought would, in some way, overrule another court's ruling" (citing Popp Telecom v. Am. Sharecom, Inc., 210 F.3d 928, 933 (8th Cir. 2000))). As a result, Singer's arguments are barred.

The plain language of the waiver provision included in Singer's plea agreement applies to such an attack on the underlying restitution order. See United States v. Andruchuk, 122 F.4th 17, 23 (1st Cir. 2024) ("We must give the words actually used in a plea agreement their plain and ordinary meaning." (citing United States v. O'farrill-López, 991 F.3d 45, 48 (1st Cir. 2021))); see also United States v. Miliano, 480 F.3d 605, 608 (1st Cir. 2007) (a defendant who "simply ignores" a waiver provision "forfeits any right to contend either that the waiver should not be enforced or that it does not apply" (citing Sandstrom v. ChemLawn Corp., 904 F.2d 83, 87 (1st Cir. 2006), and United States v. Coplin, 463 F.3d 96, 102 n.6 (1st Cir. 2006))).

Other courts have held that "a defendant may not use a garnishment proceeding to challenge the underlying judgment and restitution order in his case." United States v. Onyeri, 996 F.3d 274, 281 (5th Cir. 2021) (citing United States v. Clayton, 613 F.3d 592, 594, 496 (5th Cir. 2010)); see also United States v. Sloan, 505 F.3d 685, 697 (7th Cir. 2007) ("Restitution orders that sweep too much conduct into their calculations are issues that must be raised on direct appeal . . . ." (citing Barnickel v. United States, 113 F.3d 704, 706 (7th Cir. 1997))). We need not decide this question. Singer is barred from arguing that that the district court was limited to ordering restitution based on co-conspirators' tax evasion or from mounting any other challenge to the restitution order. See United States v. George, 886 F.3d 31, 39 (1st Cir. 2018) (the court is at "liberty to affirm a district court's judgment on any ground made manifest by the record" (citing United States v. Zorrilla-Echevarría, 723 F.3d 298, 300 (1st Cir. 2013), and Doe v. Anrig, 728 F.2d 30, 32 (1st Cir. 1984))).

Finally, because Singer's argument that the restitution amount should be reduced based on any unpaid taxes that the IRS may have recovered from the co-conspirators is entirely premised on his barred argument, he cannot show that the court erred in denying a § 3664(j)(2) offset and ordering garnishment of Singer's retirement account.

For these reasons, the government's motion is **granted**, and the district court's order is **affirmed**. See 1st Cir. R. 27.0(c).

By the Court:

Anastasia Dubrovsky, Clerk

cc:
David Andrew Slocum
Aaron M. Katz
Carol Elisabeth Head
Donald Campbell Lockhart
Kristen A. Kearney
Justin David O'Connell
Leslie Wright
Michael D. Kendall
Lauren M. Papenhausen
Internal Revenue Service